UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TERRICK FICKLIN,

                Plaintiff,

-vs-

DOUGLAS RUSINKO, Division of Parole, and CARL JASON, Division of Parole.

                Defendants.

DECISION AND ORDER

18-CV-6310-MJP

---

**APPEARANCES**

For Plaintiff:  Michael Jos. Witmer, Esq.
Michael Jos. Witmer, Attorney and Counselor at Law
28 East Main St., Suite 900
Rochester, NY 14614
(585) 325-2352

For Defendants:  Gary M. Levine, Esq.
Matthew D. Brown, Esq.
Muditha Halliyadde, Esq.
New York State Office of the Attorney General
144 Exchange Blvd., Suite 200
Rochester, NY 14614
(585) 327-3223

**INTRODUCTION**

**Pedersen, M.J.** Plaintiff Terrick Ficklin ("Plaintiff") commenced this action on April 20, 2018, against Parole Officers Douglas Rusinko and Carl Jason (collectively, "Defendants") alleging that Defendants unlawfully arrested him and subjected him to an unwarranted and illegal body cavity search to obtain information about crimes unrelated to his parole status in violation of 42 U.S.C. § 1983, the New

York Civil Rights Law, and New York Common Law.[1] (Compl., ECF No. 1.) Presently before the Court is Defendants' motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Not. of Mot., Mar. 1, 2023, ECF No. 49.)

## BACKGROUND

Plaintiff's complaint contains eleven causes of action and names a third defendant, Parole Officer Kathryn VanDusen. (Compl., ECF No. 1.) However, in a decision and order dated January 8, 2019, in connection with Defendants' motion to dismiss, the Honorable Elizabeth A. Wolford dismissed all causes of action except Plaintiff's fourth cause of action to the extent it alleged a § 1983 claim for abuse of process, and his sixth cause of action alleging a § 1983 claim for excessive force under the Fourth Amendment. (Decision and Order, Jan. 8, 2019, ECF No. 8.) Judge Wolford directed the Clerk of the Court to terminate Parole Officer VanDusen from the action. (*Id.*) Thereafter, in response to Defendants' motion for summary judgment, Judge Wolford dismissed Plaintiff's abuse of process claim. (Decision and Order, Sept. 14, 2020, ECF No. 20.) Accordingly, the only remaining claim before this Court is Plaintiff's § 1983 claim for excessive force under the Fourth Amendment.

In a pretrial order dated August 4, 2021, Judge Wolford scheduled a jury trial to commence on May 9, 2022. (Pretrial Order, Aug. 4, 2021, ECF No. 27.) Judge Wolford adjourned the trial on May, 6, 2022 (Min. entry for interim pretrial conference held on May 6, 2022, ECF No. 37) and during an interim pretrial conference held on May 20, 2022, Judge Wolford informed the parties of the Court's current criminal trial schedule. (Min. entry for interim pretrial conference held on May 20, 2022, ECF No. 39.) The parties and Judge Wolford thereafter executed a

---

[1] Plaintiff also commenced this action against a third defendant, Parole Officer Kathryn VanDusen, but, as addressed *infra*, she has been dismissed from this case.

Notice, Consent, and Reference of a Civil Action to a Magistrate Judge on July 26, 2022, in which they consented to have a United States Magistrate Judge conduct all proceedings including trial, the entry of final judgment, and post-trial proceedings. (ECF No. 41.) The case was then reassigned to the undersigned. (*Id*.)

The undersigned held a pretrial conference on October 13, 2022, at which counsel for all parties participated. (Min. entry for initial pretrial conference on Oct. 12, 2022, ECF No. 42.) During that conference, the Court directed Plaintiff's counsel to provide the physical location of his client such that the Court could issue a *writ of habeas corpus*. (*Id*.) The Court thereafter issued a pretrial order on October 18, 2022, setting trial for December 14, 2022, at 9:00 a.m. and for jury selection to commence that same day at 8:30 a.m. (Pretrial Order, Oct. 18, 2022, ECF No. 43.)

Via correspondence addressed to Judge Wolford dated October 31, 2022, Plaintiff sought to adjourn the trial, indicating that the Attorney General did not oppose the request. (Letter from M. Witmer, Esq., to J. Wolford, Oct. 31, 2022, ECF No. 2022.) No reason was provided for the adjournment request. However, the undersigned's law clerk received an email from Mr. Witmer's legal assistant, dated October 24, 2022, which copied in the Attorney General and stated in pertinent part as follows:

> Please be advised that Mr. Witmer just had a pre-trial conference on a Murder case in front of Judge Moran. During the appearance Mr. Witmer asked for an adjournment of the trial for his client, Tyrell Doty, that is currently scheduled for Wednesday, December 14th, 2022 at 8:30AM for Jury Selection. Unfortunately, Judge Moran denied his request for an adjournment.
>
> At this time, Mr. Witmer would respectfully request another trial date for Mr. Ficklin.
>
> Please advise if any other dates might work for everyone.

3

(Email from P. Brozost to V. Gleason, cc'ing M. Whitmer, G. Levine, M. Brown, dated October 24, 2022.)[2]

Based upon the forgoing, the Court adjourned the trial and issued another pretrial order scheduling a jury trial to commence on March 1, 2023, at 8:30 a.m. (Pretrial Order, Dec. 7, 2022, ECF No. 46.) In accordance with the pretrial order, on February 10, 2023, the Attorney General, timely filed Defendants' pretrial submissions (ECF No. 47) and proposed jury instructions (ECF No. 48). Plaintiff did not file any pretrial submissions, which, pursuant to the pretrial order, were due by February 14, 2023. (ECF No. 46.)

On February 28, 2023—the day before trial was to commence—Plaintiff's counsel telephoned the Court to indicate that he believed there was a warrant outstanding for his client's arrest but claimed to be unaware of the details. The undersigned's Courtroom Deputy Clerk then contacted Assistant Attorney General Matthew Brown to provide the Court with information in writing regarding any outstanding warrants for Plaintiff. Mr. Brown responded in an email as follows: "There is a wanted package for him from Greece PD for larceny. They can pick him up and charge him but haven't obtained a warrant yet. I do not know if/when they might seek the warrant." (Email from M. Brown to J. Bock, Feb. 28, 2023.) The Court then deferred to Mr. Witmer as to whether he wanted to proceed with the trial or adjourn and directed him to inform the Court of his decision by end-of-business on February 28, 2023. Mr. Witmer timely advised that it was not his intention to proceed with a jury trial.[3] The Court canceled the jury trial and scheduled a case management conference for the next day, March 1, 2023.

---

[2] Emails referred to herein are attached to this Decision and Order.

[3] The Court asked the Jury Specialist to delay sending notice to prospective jurors and, ultimately, the undersigned cancelled the jury in enough time to avoid providing that notice.

Plaintiff's counsel and Assistant Attorney General Muditha Halliyadde participated in the March 1, 2023, conference. Plaintiff did not participate. Plaintiff's attorney indicated that approximately the week prior to the conference he learned that his client may have a pending "want package" and that Plaintiff had not turned himself in. (Tr. of Mar. 1, 2023, conference at 2:15–3:6, ECF No. 52.) Plaintiff's attorney further indicated that he kept trying to contact Plaintiff, and while it appears that Plaintiff did call back at some point, ultimately Plaintiff's counsel was not successful in connecting with him. (*Id.* at 3:10–13.) In addition, Plaintiff's counsel stated that Plaintiff had not told him where he was geographically located. (*Id.* 3:14–20.) During the conference, Defendants orally moved to dismiss the complaint for failure to prosecute. (*Id.* at 4:16–5:1.) Based upon this request, the Court directed Defendants to file a motion seeking dismissal. (*Id.* at 6:5–8.)

The Court directed Defendants to file the written motion to dismiss by March 3, 2023, provided a deadline of March 17, 2023, for Plaintiff to respond, and gave Defendants until March 24, 2023, to submit a reply, which is memorialized in a text scheduling order. (Text Scheduling Order, Mar. 1, 2023, ECF No. 51.)

Defendants filed their motion to dismiss on March 1, 2023. (Not. of Mot., Mar. 1, 2023, ECF No. 49.) Plaintiff failed to file a response to Defendants' motion to dismiss by the March 17, 2023, deadline and, in fact, has not filed anything further in this case.

## DISCUSSION

The Rules authorize a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order . . . ." Fed. R. Civ. P. 41(b). "Although Rule 41(b) does not define what constitutes a 'failure to prosecute,' the Second Circuit Court of Appeals has stated that such failure 'can evidence itself either

in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics.'" *Rivera v. Fisher*, No. 09-CV-552A, 2013 WL 3989457, at *3 (W.D.N.Y. Aug. 2, 2013) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). Whether to grant a motion to dismiss for failure to prosecute is a matter committed to the discretion of the district court. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "While a harsh remedy, the rule is 'intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload.'" *Mack v. Rochester City Sch. Bd.*, No. 14-CV-6262-FPG, 2015 WL 10097517, at *2 (W.D.N.Y. Mar. 30, 2015) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004)).

Before dismissing a case pursuant to Rule 41(b), the district court must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lewis v. Frayne*, 595 F. App'x 35, 36 (2d Cir. 2014) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)). "Generally, no single factor in the analysis is dispositive." *Id.* Here, consideration of these five factors supports dismissal.

Regarding the first factor, the Court should consider "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001). "The

question we must ask with respect to duration is simply whether or not the delay was caused by plaintiff's side as a whole." *United States ex rel. Drake*, 375 F.3d at 255. Here, Plaintiff has failed to keep in contact with his attorney and failed to make reasonable efforts to respond to Plaintiff's counsel's efforts to contact him, which weighs in favor of dismissal. *Beecham v. State Farm Fire & Cas. Co.*, No. 07-CV-682S, 2008 WL 5191680, at *2 (W.D.N.Y. Dec. 10, 2008) (finding that the first factor weighed in favor of dismissal, in part, where the plaintiff had not been in contact with his attorney and failed to keep his attorney apprised of his current contact information.) Indeed, Plaintiff's counsel represented at the March 1, 2023, conference that he does not even know where his client is located geographically. As a represented party, Plaintiff is presumed to have been aware as of December 7, 2022—the date of the most recent pretrial order—that trial was scheduled for March 1, 2023. (Pretrial Order, ECF No. 46.) Despite this, due to Plaintiff's lack of communication with his counsel, Plaintiff's counsel had to seek to adjourn the trial the night before it was scheduled to begin. Under these circumstances, the Court can easily conclude that the duration of the delay rests entirely with Plaintiff.

As for the second factor, Plaintiff has had sufficient notice that his failure to proceed with this action could result in dismissal. Plaintiff always has been represented by counsel. *Beecham*, 2008 WL 5191680, at *2 (finding that this factor weighed in favor of dismissal, in part, where the plaintiff was represented by counsel throughout the entirety of the case). Moreover, Plaintiff was on notice that his complaint could be dismissed because Defendants specifically filed a motion to dismiss for failure to prosecute on March 1, 2023, and Plaintiff chose not to submit any opposition to that motion. *Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (summary order) (finding that "even a layperson would

7

have been put on notice of the possibility of dismissal," in part, where the plaintiff was provided with the notice of a Rule 41(b) motion to dismiss.)

The third factor requires an inquiry into whether the defendant has been prejudiced by Plaintiff's inaction. In this case, Defendants will be prejudiced by further delay in the proceedings as they have been litigating this case since mid-2018. In other words, this case is almost five years old, and Defendants are "likely to be prejudiced, because 'delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult.'" *Canales v. Sheahan*, No. 12-CV-693(LJV)(HBS), 2019 WL 609597, at *4 (W.D.N.Y. Feb. 13, 2019), *report and recommendation adopted*, No. 12-CV-693, 2019 WL 4303436 (W.D.N.Y. Sept. 11, 2019) (quoting *Shannon v. General Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999)). In addition, Defendants filed a largely successful motion to dismiss and partially successful motion for summary judgment, ultimately whittling Plaintiff's eleven causes of action down to one potentially viable claim against two of the three original defendants. Further, Defendants adhered to the pretrial order and timely filed their pretrial submissions. Plaintiff has not taken any action in this case since seeking an adjournment of the trial on October 31, 2022 (ECF No. 45), other than Plaintiff's counsel's last-minute adjournment of the rescheduled trial date due to lack of communication with Plaintiff. Defendants have actively been seeking a resolution of this case and have been forced to bear the expense of defending a lawsuit that Plaintiff has shown little and now, no interest in pursuing. Under these circumstances, "a failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until plaintiff changed [his] mind or the court lost patience." *Reid v. New York City*, No. 07 Civ. 9788, 2009 WL 2222608, at *4 (S.D.N.Y. July 23, 2009) (quotation and citation omitted). Based upon the forgoing, this factor also weighs in favor of dismissal.

The Court has considered the fourth factor and balanced its own interest in managing its docket against Plaintiff's interest in receiving an opportunity to be heard. The Court already accommodated Plaintiff by adjourning the trial when Plaintiff's counsel advised the Court of a conflict with the previously scheduled date. Despite rearranging its schedule to ensure that Plaintiff's jury trial could move forward less than three months after the originally scheduled trial, Plaintiff then chose not to appear for this trial. The Court has now generously provided Plaintiff with opportunities to have his day in court and Plaintiff has failed to take advantage of those opportunities. Further, "[i]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Alomar v. Recard*, No. 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quotation and citation omitted); *see also Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("Because [plaintiff] has made no effort to comply with the Court's directives or to prosecute his action, it would be unfair to the numerous other litigants who await the attention of this Court to permit [plaintiff]'s suit to remain on the Court's docket."). The Court concludes that this factor also weighs in favor of dismissal.

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. *United States ex rel. Drake*, 375 F.3d at 257. Upon reviewing the entire record in this case, it is this Court's opinion that Plaintiff has no intention of pursuing this matter as demonstrated by his failure to comply with this Court's pretrial order and text scheduling order directing him to respond to Defendants' motion to dismiss, both harboring the obvious consequence that such actions could result in dismissal. Plaintiff has apparently lost interest in his case, and there is no reason to believe that

any alternative, lesser sanction to dismissal would spur Plaintiff to diligently pursue the action. Accordingly, this factor also weighs in favor of dismissal.

## CONCLUSION

For all the foregoing reasons, this action is DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(b).

The Clerk of the Court is directed to enter judgment in favor of Defendants and to close this case.

IT IS SO ORDERED

Dated: Rochester, New York
 March 27, 2023

MARK W. PEDERSEN
United States Magistrate Judge